ORIGINAL

# In The United States Court of Federal Claims

No. 13-994 C

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed:  December 20, 2013)

**FILED**

DEC 2 0 2013

**U.S. COURT OF FEDERAL CLAIMS**

TIMOTHY SNEED, *pro se*,

Plaintiff,

v.

STATE OF FLORIDA, INC., ET AL.,

Defendant.

---

**OPINION and ORDER**

---

On December 16, 2013, Timothy Sneed (plaintiff) filed a complaint seeking, *inter alia,* unspecified damages and other relief associated with his alleged wrongful conviction in a Florida state court.

This court is solemnly obliged, on its own accord, to address obvious questions concerning its subject matter jurisdiction.  *See Mitchell v. Maurer*, 293 U.S. 237, 244 (1934).  This court recognizes that plaintiff is acting *pro se* before this court, and thus the court will hold the form of plaintiff's submissions to a less stringent standard than those drafted by an attorney.  *See Reed v. United States*, 23 Cl. Ct. 517, 521 (1991) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)).  Having reviewed plaintiff's complaint, this court is certain that it lacks jurisdiction to consider the claims that plaintiff raises.

With very limited exceptions, the jurisdictional statutes governing the United States Court of Federal Claims grant authority to the court only to issue judgments for money against the United States and then, only when they are grounded in a contract, a money-mandating statute, or the takings clause of the Fifth Amendment.  *See United States v. Testan*, 424 U.S. 392, 397-98 (1976); 28 U.S.C. § 1491.  Plaintiff makes some references in his complaint to the Due Process Clause of the Fifth Amendment to the U.S. Constitution – but this is not a money-mandating provision, as would support this court's exercise of jurisdiction.  *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *Carruth v. United States*, 627 F.2d 1068, 1081 (Ct. Cl. 1980).

Nor does this court have jurisdiction to consider collateral attacks on plaintiff's criminal conviction, *see Carter v. United States*, 228 Ct. Cl. 898, 900 (1981), or to handle claims against state agencies or officials for actions not attributable to the United States, *see* 28 U.S.C. § 1491(a)(1) (limiting the jurisdiction of the United States Court of Federal Claims to claims "against the United States"); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (concluding that the court's jurisdiction does not extend to suits against individual officials); *Shewfelt v. United States*, 104 F.3d 1333, 1337-38 (Fed. Cir. 1997) (holding that the actions of state officials were not attributable to the United States).   Finally, to the extent that plaintiff raises claims against the United States under the False Claims Act, 31 U.S.C. §§ 3729-33, those claims may only be heard in the United States district courts.   *See* 31 U.S.C. 3730(d); *Meschkow v. United States*, 109 Fed. Cl. 637, 645 (2013).

Accordingly, the Clerk shall dismiss plaintiff's complaint for lack of jurisdiction.   The Clerk shall provide notification of this dismissal to the appropriate official of the State of Florida.

**IT IS SO ORDERED.**

Francis M. Allegra
Judge